UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DONALD RAY BAKER** | **CIVIL ACTION NO. 3:14-cv-2464** |
| **VS.** | **SECTION P** |
| | **JUDGE ELIZABETH E. FOOTE** |
| **CLIFFORD ROYCE STRIDER, III** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Donald Ray Baker, a prisoner in the Lincoln Parish Detention Center (LPDC), submitted a hand-written letter to the Clerk of Court on August 5, 2104. He complained that he is being falsely imprisoned by a conspiracy made up of Assistant District Attorney Clifford R. Strider, III, Lincoln Parish Sheriff Mike Stone, LPDC Warden Jim Triten, and District Attorney Robert Levy. [Doc. 1] Thereafter, on September 3, 2014 he filed a petition for *habeas corpus* pursuant to 28 U.S.C. §2254 attacking his 2013 convictions for cyber stalking and also attacking the pending charges of simple arson. He prayed for his immediate release from "illicit imprisonment." [Doc. 13] On September 11, 2014 he filed a petition for *habeas corpus* pursuant to 28 U.S.C. §2241 challenging the legality of his continued detention awaiting trial on an arson charge claiming that he served the sentence imposed following his cyber stalking conviction and, that he bonded out on the pending arson charge. He again prayed for his immediate release from custody. [Doc. 16]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT**

**PREJUDICE** for failing to exhaust available State Court remedies.

### *Statement of the Case*

On February 26, 2013, petitioner was convicted of two counts of cyber stalking following trial by jury in the Third Judicial District Court, Lincoln Parish, Docket No. 56748. On April 30, 2013 he was sentenced to serve consecutive sentences of one year in jail and one year in jail suspended with two years of supervised probation to commence upon his release from jail. He appealed his convictions and sentences to the Second Circuit Court of Appeal and on August 27, 2014, his convictions and sentences were affirmed. *State of Louisiana v. Donald Ray Baker*, 49,175 (La. App. 8/27/2014), — So.3d — 2014 WL 4212678. It is unknown whether petitioner applied for writs in the Louisiana Supreme Court.

Meanwhile, on May 21, 2012, petitioner was arrested and charged with arson in a case assigned Docket Number 63374. Bond was set in the amount of $100,000 and petitioner secured the services of a bondsman and obtained a surety bond. He was released from custody on that bond but was subsequently rearrested and taken back into custody when the surety cancelled the bond. On June 17, 2014, he filed a *pro se* Motion for Recognition of Existing Louisiana Bail Bonds in the Third Judicial District Court. He recounted the facts leading up to his present incarceration, and concluded by quoting LSA C.Cr.P. Art. 343 and threatening to invoke the supervisory jurisdiction of the Court of Appeal should the District Court deny his motion. [Doc. 16-2] The District Court apparently denied or ignored his motion. It is unknown whether petitioner attempted to invoke the supervisory jurisdiction of the Court of Appeal or Supreme Court of Louisiana.

*Law and Analysis*

State prisoners, such as petitioner, may seek review of their custody under the federal *habeas corpus* statutes pursuant to 28 U.S.C. §§2241 and 2254. Generally, *habeas* petitions filed pursuant to Section 2241 challenge the manner in which a sentence is executed, or attack the legality of prisoner's custody prior to conviction whereas Section 2254 provides the means to collaterally attack a state court conviction and sentence. *See*, *e.g., Prieser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (recognizing that the specific remedy found in 28 U.S.C. § 2254 is recognized as the exclusive avenue for challenging the legality of a state court conviction); *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir.2004) (distinguishing the jurisdiction conferred under § 2241 and § 2254 for purposes of venue); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000) (distinguishing mechanisms for post-conviction relief under § 2241 and § 2255).

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed pursuant to 28 U.S.C. §2254 is well established. A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a

fair opportunity to review all of his *habeas corpus* claims before seeking review in a federal court. *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270. The exhaustion requirement was written into the statute with the passage of the AEDPA. See 28 U.S.C. §2254(b).

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by state prisoners, there is no express statutory requirement that the inmate exhaust state court remedies prior to asserting his claims in federal court. However, the jurisprudence requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. *See Dickerson v. Louisiana,* 816 F.2d 220, 225 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987); *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

It does not appear that these pleadings collaterally attack his cyber stalking conviction; indeed, it appears that petitioner attacks his continued detention on the cyber stalking sentence and his continued detention awaiting trial on the arson charge. He implies that his continued detention is in violation of the Constitution and laws of the United States. However, before he can litigate his federal Constitutional claims in this Court, he must first exhaust available state court remedies, or demonstrate the absence of such remedies before proceeding.

It appears from the pleadings and exhibits that he has had no success with his arguments in the Third Judicial District Court. Be that as it may, before he can invoke the *habeas* jurisdiction of this Court, he must first invoke the supervisory jurisdiction of the appropriate

Court of Appeal and thereafter, the Louisiana Supreme Court, if necessary. Petitioner has neither demonstrated exhaustion of state court remedies nor the absence of same and his petition, whether arising under Section 2241 or Section 2254 must be dismissed at this time.

Therefore,

**IT IS RECOMMENDED** that this *habeas corpus* petition (28 U.S.C. §§2241or 2254) be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available State court remedies or establish the absence of same.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Signed in Chambers, Monroe, Louisiana September 22, 2014.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**